UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DERRICK CORPORATION**, | CASE NO. |
| *Plaintiff,* | |
| vs. | JUDGE |
| **BIG WEST OILFIELD SERVICES**, | MAGISTRATE |
| *Defendant.* | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Derrick Corporation ("Derrick"), who hereby brings this Complaint against Defendant, Big West Oilfield Services ("Big West"), and in so doing alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement brought pursuant to 35 U.S.C. § 271.

### PARTIES

2. Derrick is a New York corporation having its principal place of business in Buffalo, New York.

3. Big West is a Wyoming corporation having its principal place of business in Riverton, Wyoming.

### JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. §§ 1-376, and any applicable statutory and civil laws of Louisiana.  This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271, *et. seq*, and 28 U.S.C. §§ 1331, 1332(a), 1338, and 1367. This Court has

1

jurisdiction over Big West based on its contacts with Louisiana.  As explained more fully below, Big West receives and subsequently markets and sells certain infringing products from a manufacturer located within the Western District of Louisiana. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

5.     For over half a century, Derrick has been an industry leader in the design and manufacture of screening equipment and screen surface technology used to address the specific demands of the Mining & Industrial, Oil & Gas Drilling, and Civil & Underground industries. The screening equipment Derrick manufactures and sells includes vibratory screening machines and replaceable screens that are used in the vibratory screening machines.

6.     During this period, Derrick has spent considerable time, effort, and money in developing its screening technology, including its vibratory screening machines and replacement screens.

7.     Derrick's innovation in the screening industry has been recognized and rewarded by the United States Patent and Trademark office through the issuance of numerous United States patents over the past half century.

### Derrick's 500 Series Patent Family

8.     Derrick is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,228,971 ("the '971 Patent"), issued June 12, 2007, entitled "Vibratory Screening Machine and Vibratory Screen and Screen Tensioning Structure". Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent No. 6,669,027 ("the '027 Patent"), issued December 30, 2003, which is the parent of the '971 Patent

(collectively referred to as the "Derrick 500 Series Patents"). Copies of the Derrick 500 Series Patents are attached as Exhibit A.

### Derrick's Hyperpool Patent Family

9. Derrick is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,578,394 ("the '394 Patent"), issued August 25, 2009, entitled "Method and Apparatuses for Screening". Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent No. 8,443,984 ("the '984 Patent"), issued May 21, 2013, which is a continuation-in-part of the '394 Patent. Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent No. 9,027,760 ("the '760 Patent"), issued May 12, 2015, which is a continuation-in-part of the '984 Patent. Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent No. 8,910,796 ("the '796 Patent"), issued December 16, 2014, which is a continuation of the '984 Patent. Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent No. 9,199,279 ("the '279 Patent"), issued December 1, 2015, which is a continuation of the '984 Patent. Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent App. No. 14/882,211 ("the pending '211 Application"), filed October 13, 2015, which is a continuation of the '279 Patent. Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent App. No. 14/618,121 ("the allowed '121 Application"), allowed October 7, 2015, which is a continuation of the '760 Patent. Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent App. No. 14/522,207 ("the allowed '207 Application"), allowed October 30, 2015, which is a divisional of the '796 Patent (collectively referred to as the "Derrick Hyperpool Patents"). Copies of the Derrick Hyperpool Patents are attached as Exhibit B.

**Big West's Conduct**

10. On information and belief, Big West was formed in 2006.

11. On information and belief, Big West is in the business of actively marketing, offering to sell, and selling replacement screens that are a material part of, and have no substantial non-infringing use other than with, Derrick's vibratory screening machines, including the Derrick 500 Series and Derrick Hyperpool shaker machines. Big West is doing so while knowing that the screens are especially made or especially adapted for use in an infringement of the Derrick 500 Series and Derrick Hyperpool Patents. A copy of marketing materials identifying the Derrick 500 Series replacement screens and Derrick Hyperpool replacement screens sold by Big West is attached as Exhibit C.

12. On information and belief, Big West receives and subsequently advertises and sells at least the Derrick 500 Series replacement screens from Screen Logix, LLC, which operates a manufacturing facility in the Western District of Louisiana.

13. On information and belief, Big West has never been issued a United States Patent for replacement screens and is in the business of marketing and selling screens duplicated from Derrick's technologies, including Derrick's replacement screens for the Derrick 500 Series and Derrick Hyperpool shaker machines.

14. A similar controversy involving comparable replacement Derrick 500 Series screens was settled on March 28, 2014, between Derrick and Continental Wire Cloth, LLC ("CWC"), whereby the Federal District Court for the Northern District of Oklahoma entered a Judgment declaring the '971 patent valid and enforceable. A copy of the Judgment is attached as Exhibit D.

15. Further, the parties executed a settlement agreement whereby CWC acknowledged the validity and enforceability of the '971 patent, ceased manufacturing and distributing the replacement screens, and paid Derrick damages.

16. Yet another controversy involving comparable replacement screens was settled on March 13, 2008, between Derrick and Global Wire Cloth, LLC (hereinafter, "GWC"), whereby GWC acknowledged the validity and enforceability of the '971 patent. In the settlement agreement, GWC agreed, *inter alia*, to cease manufacturing and distributing the replacement screens.

17. On information and belief, Big West is now marketing, offering to sell, and selling replacement screens that are substantially similar or identical to the replacement screens previously manufactured by CWC and GWC.

## COUNT I
(Patent Infringement Under 35 U.S.C. § 271)

18. Derrick re-alleges and incorporates by reference Paragraphs 1 through 17 as if fully set forth herein.

19. The Derrick 500 Series Patents and Derrick Hyperpool Patents are, among other things, directed to replaceable vibratory screens that are used in vibratory screening machines. More particularly, the Derrick 500 Series Patents and Derrick Hyperpool Patents are directed to replacement screens for the Derrick 500 Series and the Derrick Hyperpool shaker machines, respectively.

20. On information and belief, Big West has been and is currently directly and indirectly infringing, including jointly infringing, inducing infringement of, and/or contributing to the infringement of the Derrick 500 Series Patents and Derrick Hyperpool Patents by, among

other things, using, selling and/or offering for sale, directly and/or through intermediaries, replacement screens for the Derrick 500 Series and Derrick Hyperpool shaker machines.

21. On information and belief, Big West has been and is currently directly infringing, including jointly infringing, at least claim 6 of the '971 Patent by, among other things, using, selling and/or offering for sale, directly and/or through intermediaries, replacement screens for the Derrick 500 Series shaker machines.

22. On information and belief, Big West has been and is currently indirectly infringing, including inducing infringement of and/or contributing to the infringement of, at least claims 28 to 33 and claims 36 and 37 of the '027 Patent by, among other things, selling and/or offering for sale, directly and/or through intermediaries, replacement screens that are a material part of, and have no substantial non-infringing use other than with, Derrick's 500 Series shaker machines. Big West is doing so while knowing that the screens are especially made or especially adapted for use in an infringement of the Derrick 500 Series Patents.

23. On information and belief, Big West has been and is currently directly infringing, including jointly infringing, at least claims 25 to 35 of the '394 Patent, and claims 1 and 4 of the '796 Patent by, among other things, using, selling and/or offering for sale, directly and/or through intermediaries, replacement screens for the Derrick Hyperpool shaker machines.

24. On information and belief, Big West has been and is currently indirectly infringing, including inducing infringement of and/or contributing to the infringement of, at least claims 1 to 24 and claims 36 to 38 of the '394 Patent, claims 1, 2, 4, 5, 7 and 8 of the '984 Patent, claims 1 to 6, 10 to 26, and 37 to 39 of the '760 Patent, claims 6 to 10 of the '796 Patent, and claims 1 to 8, 10 to 13, 15, and 25 to 29 of the '279 Patent by, among other things, selling and/or offering for sale, directly and/or through intermediaries, replacement screens that are a

6

material part of, and have no substantial non-infringing use other than with, Derrick's Hyperpool shaker machines. Big West is doing so while knowing that the screens are especially made or especially adapted for use in an infringement of the Derrick Hyperpool Patents.

25. Derrick is the owner by assignment of all right, title, and interest in and to the allowed '121 Application, the allowed '207 Application, and the pending '211 Application. Upon issuance of these applications, Big West will be directly infringing at least claims 1 to 3 and 5 to 6 of the allowed '121 Application and at least claims 1 to 13 of the pending '211 Application by, among other things, using, selling and/or offering for sale, directly and/or through intermediaries, replacement screens for the Derrick Hyperpool shaker machines, and indirectly infringing at least claims 7 to 9 and 11 to 26 of the allowed '121 Application, at least claims 1 to 7 of the allowed '207 Application, and at least claims 14 to 26 and claim 28 of the pending '211 Application, by, among other things, selling and/or offering for sale, directly and/or through intermediaries, replacement screens that are a material part of, and have no substantial non-infringing use other than with, Derrick's Hyperpool shaker machines. Big West is doing so while knowing that the screens are especially made or especially adapted for use in an infringement of the Derrick Hyperpool Patents.

26. Prior to the filing of this Complaint, Big West had notice of the Derrick 500 Series Patents and Derrick Hyperpool Patents.

27. By a letter dated September 29, 2015, Derrick gave Big West actual notice that it was marketing and selling replacement screens for the Derrick Hyperpool shaker machines that appeared to be read on by the claims of the Derrick Hyperpool Patents.  A copy of the September 29, 2015 letter is attached as Exhibit E.

28. By a letter dated October 2, 2015, Derrick gave Big West actual notice that it was also marketing and selling replacement screens for the Derrick 500 Series that appeared to be read on by the claims of the Derrick 500 Series Patents.  A copy of the October 2, 2015 letter is attached as Exhibit F.

29. By e-mail dated October 7, 2015, Big West responded to Derrick's letter dated October 2, 2015, stating that they would correct any trademark violations but ignoring Derrick's comments regarding potential patent infringement by Big West. A copy of the October 7, 2015 e-mail is attached as Exhibit G.

30. On information and belief, Big West was aware of the Derrick 500 Series Patents and Derrick Hyperpool Patents before Derrick's September 29, 2015 letter.

31. On information and belief, Big West has not ceased or desisted from further directly and jointly infringing on the Derrick 500 Series Patents and Derrick Hyperpool Patents.

32. On information and belief, Big West is actively inducing others to infringe, and are contributing to the infringement of, the Derrick 500 Series Patents and Derrick Hyperpool Patents.

33. On information and belief, Big West's infringement of the Derrick 500 Series Patents and Derrick Hyperpool Patents has been, and continues to be, willful and deliberate.

34. As a direct and proximate consequence of the acts and practices of Big West, Derrick has been, is being, and unless such acts and practices are enjoined by the Court, will continue to be irreparably injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

## REQUEST FOR RELIEF

WHEREFORE, Derrick requests that judgment be entered in its favor as to all causes of action asserted against Big West and granting Derrick the following relief:

1. Awarding Derrick judgment in its favor as to each of its counts and causes of action against Big West and awarding Derrick all of its damages caused by Big West;

2. Declaring that the Derrick 500 Series Patents are valid and enforceable;

3. Declaring that the Derrick Hyperpool Patents are valid and enforceable;

4. Declaring that Big West directly and jointly infringed at least the '971 Patent, '394 Patent, and '796 Patent;

5. Declaring that Big West indirectly induced the infringement of, and/or contributed to the infringement of, at least the '027 Patent, '394 Patent, '984 Patent, '760 Patent, '796 Patent, and '279 Patent;

6. Temporarily, preliminarily, and permanently enjoining Big West and their owners, shareholders, directors, officers, agents, servants, employees, legal representatives, affiliates, successors and assigns and all those acting on their behalf or in concert with any of them from engaging in acts of infringement of the Derrick 500 Series Patents and Derrick Hyperpool Patents, pursuant to 35 U.S.C. § 283;

7. Awarding Derrick damages adequate to compensate for Big West's infringement of the Derrick 500 Series Patents and Derrick Hyperpool Patents, together with interest and costs pursuant to 35 U.S.C. § 284;

8. Awarding Derrick treble its damages pursuant to 35 U.S.C. § 284;

9. Entering an order declaring this an exceptional case pursuant to 35 U.S.C. § 285 and awarding Derrick its reasonable attorneys' fees, costs, and expenses;

10. Awarding Derrick profits, gains, and advantages derived from Big West's unlawful acts, and increased pursuant to the principles of equity and corrective advertising and other applicable Louisiana and federal statutory and common law;

11. Awarding Derrick such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Derrick respectfully requests a jury trial on all issues so triable.

Respectfully submitted,

BY:   /s/ Jay M. Mattappally_____
**ADAMS AND REESE LLP**

**JASON P. MUELLER** (#28698)
**GREGORY F. ROUCHELL** (#28746)
**JUSTIN J. BORON** (#33023)
**JAY M. MATTAPPALLY** (#35229)
701 Poydras Street, Ste. 4500
New Orleans, Louisiana  70139
Phone: (504) 581-3234
Fax:    (504) 556-0210
Email: jason.mueller@arlaw.com
            gregory.rouchell@arlaw.com
            justin.boron@arlaw.com
            jay.mattappally@arlaw.com

*Attorneys for Derrick Corporation*